Stout v. Perez Duran, 2026 NCBC 27.

STATE OF NORTH CAROLINA

DURHAM COUNTY

JOHN RUSSELL STOUTT III,

        Plaintiff,

v.

HORACIO PEREZ DURAN,

        Defendant,
        Counterclaimant,
        and Third-Party
        Plaintiff,

v.

P & S LANDSCAPING, LLC; JOHN RUSSELL STOUTT IV; MARK CZYSZ; F & S LANDSCAPING INC., and STOUTT FAMILY FARM, L.L.C.,

        Third-Party
        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV003964-310

**ORDER AND OPINION
ON MOTION TO DISMISS**

*Adams, Howell, Sizemore & Lenfestey, P.A., by Ryan Adams and Jeremy Jackson, for Plaintiff John Russell Stoutt III and Third-Party Defendants John Russell Stoutt IV, Stoutt Family Farm, L.L.C., and F & S Landscaping Inc.*

*Taibi Law Group, PLLC, by Anthony Taibi, for Defendant Horacio Perez Duran.*

*Hairston Lane P.A., by James Hairston, for Third-Party Defendant Mark Czysz.*

*No counsel appeared for Third-Party Defendant P & S Landscaping, LLC.*

Conrad, Judge.

1. This case concerns a defunct business called P & S Landscaping, LLC. The main antagonists are John Russell Stoutt III and Horacio Perez Duran. Stoutt is the

company's manager; Perez is one of its two members. Mistrustful of one another, Stoutt and Perez have sued and countersued, exchanging accusations of looting, fraud, and breaches of contractual or fiduciary duties. Now pending is Perez's motion to dismiss Stoutt's claims. (*See* ECF No. 39.) Because oral argument would not aid its decision, the Court elects to decide the motion on the briefs. *See* BCR 7.4 ("The Court may rule on a motion without a hearing.").

2. By way of background, P & S Landscaping was in the dirt business. As alleged, Perez owned a large piece of vacant land that he hoped to put to use. He approached Stoutt, who suggested allowing third parties to dump loads of dirt on the land in exchange for a fee. To that end, Stoutt and Perez formed P & S Landscaping. Perez and Stoutt's son became equal members of the new company, and Stoutt became its sole manager but not a member. (*See, e.g.*, Am. Compl. ¶¶ 9, 11, 18, 19, 21, 22, ECF No. 2.)

3. A pair of contracts—an Operating Agreement and a Joint Venture Agreement—define the rights and duties of the members and manager. The Operating Agreement is signed by Stoutt, Stoutt's son, and Perez. It vests Stoutt with "full general authority to manage any and all aspects of" P & S Landscaping. The Joint Venture Agreement, by contrast, is signed only by Stoutt and Perez. It contains, among other things, a provision that promises a roughly fifty-fifty allocation of profits and expenses between Stoutt and Perez. This combination of contracts has its quirks, not least because it seems to give Stoutt's son, as a member, little to no

say in the company's governance and little to no interest in its economic performance. (Am. Compl. Exs. B, C.)

4. A few years after starting the business, Stoutt and Perez fell out. As alleged, Perez accused Stoutt of "cooking the books." Stoutt says that he responded by having the books audited, which allegedly revealed that Perez had taken over $750,000 in excess, unauthorized distributions. Following the confrontation, P & S Landscaping ceased operations. Stoutt then filed suit, alleging that Perez had violated their agreement to split profits and expenses equally. Stoutt's amended complaint asserts claims for breach of contract, unjust enrichment, constructive trust, and fraud, as well as a claim for unfair or deceptive trade practices under N.C.G.S. § 75-1.1 that he has since voluntarily dismissed. (*See* Am. Compl. ¶¶ 24–27, 41, 45, 51, 59; *see also* Notice of Vol. Dismissal, ECF No. 50.)

5. In his motion to dismiss, Perez offers three grounds for dismissal, all purportedly under Rule 12(b) of the North Carolina Rules of Civil Procedure. Arguably, the motion is untimely: Rule 12(b) requires the moving party to file a motion to dismiss before filing a responsive pleading, but Perez filed his answer in July 2025 and then waited over six months before moving to dismiss Stoutt's amended complaint. *See* N.C. R. Civ. P. 12(b). Even so, it would serve little purpose to deny the motion as untimely. One of Perez's arguments goes to the Court's subject matter jurisdiction, which is an issue that a party can raise at any point in the litigation. And the Court has ample discretion to look past the label that Perez gave

to his motion and treat it as something more appropriate (say, a motion for judgment on the pleadings under Rule 12(c)).

6. No matter which label is applied to the motion, it lacks merit.

7. First, Perez's motion states that the amended complaint fails to plead fraud with particularity. *See* N.C. R. Civ. P. 9(b) (requiring "all averments of fraud" to "be stated with particularity"). But Perez omitted this issue from his opening brief. The Court therefore deems the issue abandoned and declines to consider it. *See* BCR 7.2 (requiring a moving party to "brief the matters" he would like the Court to hear).

8. Second, Perez challenges the section 75-1.1 claim. This issue is moot, however, following Stoutt's voluntary dismissal of the claim.

9. Third, Perez contends that Stoutt's claims are not his own but are instead claims belonging to P & S Landscaping. On that basis, Perez contends that Stoutt lacks standing. The Court disagrees. It is clear that Stoutt seeks to vindicate his own rights, not those of the company. In general, Stoutt bases his claims on allegations that Perez breached the Joint Venture Agreement's allocation of profits and losses and then covered up his breach by misrepresenting facts and concealing material information. The Joint Venture Agreement is a contract between Stoutt and Perez, and the contractual rights at issue are individual rights belonging to Stoutt. Perhaps P & S Landscaping has valid claims that it could assert against Perez for his alleged misconduct. But even if it does, Stoutt has standing to pursue claims for breach of his individual contractual rights and for fraud pertaining to the breach. *See, e.g.*, *Dodge v. Appalachian Energy, LLC*, 2021 NCBC LEXIS 52, at *13 (N.C.

Super. Ct. May 27, 2021) ("Gloria has alleged an injury caused directly to her rather than one derivative of an injury to the company."); *Panzino v. 5Church, Inc.*, 2020 NCBC LEXIS 17, at *18 (N.C. Super. Ct. Feb. 12, 2020) ("By pursuing a claim for breach of section 8.4, Panzino seeks to enforce his own rights, not those of 5Church."); *759 Ventures, LLC v. GCP Apt. Invs., LLC*, 2018 NCBC LEXIS 82, at *9 (N.C. Super. Ct. Aug. 13, 2018) ("The deprivation of those [contractual] rights is a harm unique to Guardian, not one felt by 759 Ventures.").

10.     For these reasons, the Court **DENIES** the motion to dismiss.

11.     The Court also notes that it has revised the caption to correct a misspelling of Stoutt's name.  The parties shall use the caption affixed to this opinion for all filings going forward.


        **SO ORDERED**, this the 24th day of March, 2026.


                                     /s/ Adam M. Conrad
                                    Adam M. Conrad
                                    Special Superior Court Judge
                                     for Complex Business Cases